Ruffin, C. J.
 

 There would be more in the objections, if the plaintiff was to recover in this action the land'or a conveyance of it, as justice would require, that he should, in that case, pay the price, as when in equity there is a decree for specific performance. But that is not the natui e of the action, which is for damages for the non-performance of the agreement on the part of the defendant, namely, by his not receiving the price and conveying the land. It is not in affirmance of the contract, but for a breach of it, and it supposes the plaintiff to keep his money and the defendant to keep the land, and the'plaintiff seeks his redress in damages for the loss sustained by him from that state of things, arising from the fault of the defendant in not performing his engagement, after the plaintiff had complied with the prior condition on his part. The measure of those damages is, obviously, the difference between the sum the plaintiff was to have given for the land, which in the event, however, he did not give, and the value of the land he would have got, if the defendant had conveyed. It would therefore be to no use to bring the money into Court. For, if that were required, then the plaintiff ought to recover the whole value of the land, and be allowed to take back his money in part thereof: which is precisely the same thing asnotbring-
 
 *528
 
 ing it in at all, and having his damages assessed for the difference between it and the value of the land. It is apparent then, that the nature of the action was misconceived ; for, certainly, it would comport neither with justice nor law, that the purchaser should bring in the whole price for the vendor, and then get damages of one dollar, as here. As the plaintiff does not get the land nor its value, he is not bound to pay for it, nor, consequently, to keep the money ready for that purpose.
 

 The judgment must therefore be reversed, and judgment entered for the plaintiff according to the verdict.
 

 Per Curiam. Judgment reversed.